IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICE WOLFE			:
				:
v.				:	CIVIL NO. L-02-3965
				:
MED-TEL INTERNATIONAL		:
CORPORATION			:

## MEMORANDUM

Pending before the Court in this employment discrimination lawsuit is Defendant's Partial Motion to Dismiss or, in the alternative, for Summary Judgment. The issues have been fully briefed by the parties, and no oral argument is necessary. See Local Rule 105.6 (D. Md. 2001). For the reasons stated below, the Court will, by separate Order, DENY Defendant's motion without prejudice to refiling as a motion for summary judgment at the close of discovery.

**I.	Background**

Plaintiff Patrice Wolfe filed this action against her former employer, Defendant Med-Tel International Corporation ("Med-Tel"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Specifically, Ms. Wolfe alleges sexual harassment (Count I) and retaliation (Count II). In the instant motion, Med-Tel argues that the majority of Ms. Wolfe's allegations are time-barred.

**A.	Ms. Wolfe's Allegations**

**1.	Late 1999-2000: Sexual Harassment by Michael Barnes**

In late 1999, Ms. Wolfe transferred from Med-Tel's Toledo, Ohio, site to its Salisbury, Maryland, facility, where she worked as a "technologist." (Compl. ¶¶ 6-7.) Ms. Wolfe alleges that

almost immediately after she began working at the Salisbury facility, she discovered that the Chief Technologist, Michael Barnes, engaged in sexually offensive behavior and "maintained a workplace atmosphere like a men's locker room." (Id. ¶ 7.) Specifically, Ms. Wolfe claims that Mr. Barnes told dirty jokes, subjected women to "sexual taunts," used vulgar and obscene language, and, in April 2000, made a sexually explicit comment to Ms. Wolfe. (Id. ¶¶ 7, 8.)

In August 2000, Ms. Wolfe reported her displeasure with Mr. Barnes's behavior to Michael Greene, Med-Tel's Director of Clinical Operations. (Id. ¶¶ 6, 8.) Ms. Wolfe alleges that Mr. Greene, who had been encouraging Mr. Barnes's behavior, failed to address the problem and that Mr. Barnes subsequently retaliated against Ms. Wolfe for having reported him. (Id. ¶¶ 7-8.) Eventually, human resources conducted an investigation regarding Mr. Barnes's behavior, and, in September 2000, terminated Mr. Barnes and reprimanded Mr. Greene. (Id. ¶ 8.)

### 2. November 2000 - 2001: Ron Coleman and the Chief Technologist Position

In November 2000, Ms. Wolfe learned of an opening for the position of Chief Technologist. (Id. ¶ 10.) While Ms. Wolfe was attending a dinner meeting in December 2000, Ron Coleman, the owner and Chief Executive Officer of Med-Tel, offered to buy Ms. Wolfe a drink at the bar. (Id.) Ms. Wolfe accepted the offer, believing that Mr. Coleman wanted to discuss with her the Chief Technologist position. (Id.) Ms. Wolfe claims that instead of discussing the position, Mr. Coleman made sexual advances towards her, which Ms. Wolfe declined. (Id. ¶¶ 10, 11.)

Ms. Wolfe subsequently applied for the Chief Technologist position, and, shortly thereafter, Med-Tel selected a man, Dave Parker, for the position. (Id. ¶ 12.) Ms. Wolfe contends that she did

not receive the promotion because (i) she had complained about Mr. Barnes, (ii) had been "unrepentant when challenged by Mr. Greene" about her role in the "downfall" of Mr. Barnes, and (iii) had "rebuffed Mr. Coleman's explicit sexual advances." (Id. ¶¶ 9, 12.)

Ms. Wolfe further alleges that "[t]hroughout the balance of 2001," the work environment remained hostile and she was hazed, shunned, and ostracized by co-workers and supervisors in retaliation for refusing, and complaining about, her supervisors' sexual advances. (Id. ¶ 13.)

### 3. May 2002: Med-Tel Terminates Ms. Wolfe

In February 2002, Mr. Parker, the Chief Technologist, selected Ms. Wolfe to serve as a mentor to a new employee. (Id. ¶ 14.) On May 3, 2002, Ms. Wolfe expressed her disapproval of the manner in which the new employee conducted herself professionally. (Id.) Ms. Wolfe alleges that the following night, the employee telephoned Ms. Wolfe and threatened and insulted her to the point that Ms. Wolfe felt compelled to obtain a restraining order against the employee. (Id. ¶¶ 15-16.) Ms. Wolfe subsequently showed the restraining order to Mr. Parker, who, on May 7, 2002, terminated Ms. Wolfe's employment for "disruption of the workplace." (Id. ¶ 16.)

### B. Ms. Wolfe's Claims

On June 19, 2002, Ms. Wolfe filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (See Def.'s Mem. Supp. Mot. Dismiss, Ex. 1.) After the EEOC dismissed Ms. Wolfe's charge and issued a Notice of Right to Sue, Ms. Wolfe filed the instant lawsuit. Count I of Ms. Wolfe's Complaint alleges sexual harassment and claims that "Med-Tel's maintenance of a sexually hostile and offensive workplace environment was effectuated through a continuous, unbroken course of conduct beginning in 1999 and extending through Ms. Wolfe's wrongful

termination." (Compl. ¶ 18.) In Count II of her Complaint, Ms. Wolfe alleges that Med-Tel retaliated against her for opposing sexual harassment and gender discrimination and that "Med-Tel's retaliatory vendetta . . . was perpetrated through a continuous, unbroken policy and course of action, implemented beginning in 1999 and continuing through [Ms. Wolfe's] termination." (Id. ¶ 22.)

**II.   Motion to Dismiss Standard**

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

**III.   Analysis**

Med-Tel argues that Ms. Wolfe's sexual harassment claim and retaliation claim, except as the retaliation claim relates to Ms. Wolfe's termination, are time-barred because Ms. Wolfe did not file her EEOC charge within 300 days from the occurrence of the acts that form the basis of those claims, as is required by Title VII. Med-Tel attaches Ms. Wolfe's EEOC charge to its motion and invites the Court to consider its Partial Motion to Dismiss as one for Partial Summary Judgment pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

The Court declines Med-Tel's invitation. Med-Tel concedes that Ms. Wolfe's retaliation claim, to the extent it relates to Ms. Wolfe's May 2002 termination, is timely and should proceed. While it appears that the remainder of Ms. Wolfe's claims may be time-barred, the alleged acts underlying those claims might constitute relevant background evidence of the motives behind Ms. Wolfe's termination. Because the Court will permit discovery regarding these alleged discriminatory acts, analyzing and deciding the timeliness issue at this juncture would not conserve resources.

Ms. Wolfe's claims, therefore, survive Med-Tel's Partial Motion to Dismiss, and the Court will permit the parties to conduct discovery regarding the acts that Ms. Wolfe alleges occurred after she began working at the Salisbury facility in late 1999.

**IV.   Conclusion**

For the foregoing reasons, the Court will, by separate Order, DENY Med-Tel's Partial Motion to Dismiss or, in the alternative, for Summary Judgment, without prejudice to refiling as a motion for summary judgment at the close of discovery.

Dated this 3rd day of September, 2003.

_____/s/_____
Benson Everett Legg
Chief Judge