IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | | |
|---|---|---|
| PATRICE WOLFE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No:   L02 CV-3965 |
| MED-TEL INTERNATIONAL CORPORATION, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*        \*   \*   \*   \*   \*

## ANSWER

Defendant, Med-Tel International Corporation (hereafter, "Med-Tel") denies that it has engaged in any wrongful conduct with respect to Plaintiff Patrice Wolfe and states as follows for specific answers to the allegations made in Plaintiff's Complaint in this case:

1. Defendant admits that this Court would have jurisdiction over a claim of the type alleged in this case. Defendant denies that the actions alleged by Plaintiff are properly before this Court, because Plaintiff has failed to exhaust statutorily required administrative remedies, and denies that any violations of civil rights occurred.

2. Med-Tel admits that it does business in the State of Maryland and that this Court would be a proper venue for allegations of the type raised in this Complaint. Med-Tel denies the remaining allegations set forth in paragraph 2 of the Complaint.

3. Med-Tel admits that Plaintiff was formerly employed by Med-Tel. Defendant is without knowledge sufficient to form a belief of the truth of the remaining allegations set forth in paragraph 3 of the Complaint.

4. Med-Tel admits the allegations set forth in paragraph 4 of the Complaint.

5. Med-Tel admits that Plaintiff started working for Med-Tel in August 1997 and that she worked in the Toledo, Ohio site. Med-Tel denies the remaining allegations set forth in paragraph 5 of the Complaint.

6. Med-Tel admits that Plaintiff was requested to move to the Salisbury location. Med-Tel denies the remaining allegations set forth in paragraph 6 of the Complaint.

7. Med-Tel admits that Plaintiff began working in Salisbury, Maryland in late 1999. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Barnes, but notes that Med-Tel's Employee Handbook contained a procedure for reporting incidents of the type alleged and that no complaint was made by any employee regarding his behavior until Plaintiff complained in August 2000. Med-Tel denies the allegations related to the conduct of Mr. Greene.

8. Med-Tel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8, other than as follows. In August 2000, Plaintiff received an evaluation that noted problems with her teamwork and interaction with her co-workers. In response to this allegation, Plaintiff raised a complaint regarding Mr. Barnes and alleged the described incident of April of 2000. Med-Tel took immediate corrective action. Plaintiff was not satisfied with the corrective action and made further complaints. An investigation of these complaints was undertaken and, based upon additional information provided by Plaintiff and other employees, Med-Tel determined that Mr. Barnes' employment should be terminated. When Med-Tel met with Mr. Barnes to so inform him on October 6, 2000, he resigned.

9. Med-Tel denies the allegations set forth in paragraph 9 of the Complaint.

10. Med-Tel denies the allegations set forth in paragraph 10 of the Complaint. Without prejudice the foregoing denial, Med-Tel states a Chief Regional Technology position was created in the fall of 2000 and Plaintiff applied for this position on December 6, 2000. Med-Tel denies that Mr. Coleman engaged in any of the behavior alleged in the Complaint. To the contrary, Plaintiff approached Mr. Coleman at a company-wide meeting, behaved in a sexually suggestive manner and discussed with him the fact that she had applied for the Chief Medical Technologist opening. Mr. Coleman rejected these advances.

11. Med-Tel denies the allegations set forth in paragraph 11 of the Complaint.

12. Med-Tel admits that the Regional Chief Technologist position was given to David Parker. Med-Tel denies the remaining allegations set forth in paragraph 12 of the Complaint.

13. Med-Tel denies the allegations set forth in paragraph 13 of the Complaint. Med-Tel also states that these allegations are not properly before the Court because they were not raised in Plaintiff's administrative charge of discrimination.

14. Med-Tel admits that Plaintiff was asked to assist with the orientation and training of a new employee named Amy and that Plaintiff apparently had difficulty getting along with Amy. Med-Tel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint.

15. Med-Tel is without knowledge or information sufficient to form a belief as to the truth of most of the specific allegations raised in paragraph 15 of the Complaint. Subsequent to May 4, Med-Tel was informed that Amy had called Plaintiff's house but had hung up before speaking to Plaintiff. Plaintiff stated that she phoned Amy back, that Amy's phone was hung up without answering several times, and that it was answered only after

Plaintiff had called four times. Plaintiff and Amy disputed the content of the telephone conversation.

16. Med-Tel admits that Plaintiff produced documentation that she had requested a restraining order and that she was asked to write a narrative regarding her conversation with Amy. Med-Tel admits that Plaintiff's employment was terminated on May 7. That termination was based upon escalating into personal differences between Plaintiff and numerous employees at the Salisbury facility, Plaintiff's continuing to conduct personal telephone calls with a paramour in Ohio on Med-Tel's telephone system, and Plaintiff's failure to satisfy an outstanding debt she owed to Med-Tel. Med-Tel denies the remaining allegations set forth in paragraph 16 of the Complaint.

17. For answer to paragraph 17 of the Complaint, Med-Tel incorporates its above answers to paragraphs 1 through 16 of the Complaint.

18. Med-Tel denies the allegations set forth in paragraph 18 of the Complaint.

19. Med-Tel admits that Plaintiff filed a charge of discrimination with the United States Equal Opportunity Employment Commission, but denies that that charge was filed on a timely basis with respect to all of the allegations raised in the Complaint. Med-Tel also admits that, on or about September 10, 2002, the Equal Opportunity Employment Commission issued a Notice of Right to Sue. Med-Tel is without knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 19 of the Complaint.

20. Med-Tel denies the allegations set forth in paragraph 20 of the Complaint.

21. For answer to paragraph 21 of the Complaint, Med-Tel incorporates its above answers to paragraphs 1 through 20 of the Complaint.

22. Med-Tel denies the allegations set forth in paragraph 22 of the Complaint.

23. Med-Tel denies the allegations set forth in paragraph 23 of the Complaint.

24. Med-Tel denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

3. Plaintiff may not maintain a claim of hostile work environment because Med-Tel took prompt corrective action with respect to Plaintiff's complaints regarding Mr. Barnes.

4. Plaintiff may not maintain a claim of hostile work environment because she unreasonably failed to utilize available procedures designed to prevent and/or redress actions that she now alleges created a hostile environment.

## OTHER DEFENSES

1. Plaintiff cannot pursue certain claims because Plaintiff failed to raise those claims in an administrative charge of discrimination.

2. Plaintiff's Complaint fails to set forth a claim upon which relief may be granted.

3. Med-Tel's actions toward Plaintiff were based upon legitimate non-discriminatory reasons, and her sex and her allegations regarding Mr. Barnes were not factors.

WHEREFORE, having fully answered, Defendant Med-Tel International Corporation requests that Plaintiff's Complaint be dismissed in its entirety. In addition, Plaintiff's allegations are wholly without merit and are not brought in good faith; accordingly, Med-Tel International Corporation should be awarded its costs, including attorney's fees, incurred in defense of this action.

Respectfully submitted,

/s/
Jeanne M. Phelan
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street, Suite 1300
Baltimore, Maryland 21202-1626
(410) 347-8738
Attorney for Defendant

*1466672*